## POTTER vs. SMITH.

The tenure of the office of Clerk of a militia company, is not limited by the continuance in office of the Captain or commanding officer of the company by whom such Clerk was appointed.

ERROR, brought to reverse the judgment in an action of debt originally brought before a Justice of the Peace to recover a military fine.

It appeared by the facts as certified by the Justice, that *Potter*, the Clerk, had not received his appointment from the person who was Captain or commanding officer of the company at the time the fine was incurred and action brought, but from his predecessor in said office. It also appeared that the evidence of the defendant's enrolment was the record of the company roll, of the form furnished by the Adjutant General agreeable to statute requirements, on which was borne the defendant's name in the column headed " time of additional enrolments made after the Thursday following the second Monday of September;"—but it did not appear by the roll at what time the name was placed there. The

caption of the roll was thus : " The record of the Roll of ——
Company, &c. —— *as corrected* on the Thursday following the
second Monday of *September, A. D.* 1832."

On this evidence the Justice of the Peace decided, that the
Clerk was not legally qualified to bring this action, his term of
office having expired with that of the Captain from whom he re-
ceived his appointment; — and that the defendant was not duly
enrolled.    The decision' of these two points was assigned for
error.

PARRIS, J. — The 12th section of the militia law of this State,
*Chap.* 164, provides, that to every company there shall be a
Clerk, who shall be one of the Sergeants, and shall be appointed
by the Captain or commanding officer of the company.    The
tenure of the office, thus created, is not made, in any manner,
dependant on the continuance in office of the Captain or com-
manding officer by whom the appointment was made.    He is not
Clerk of the Captain but of the company ; and his duties are
prescribed by statute, and continue to devolve upon him after the
resignation or promotion of the .officer appointing him, in the
same manner as before.

The law provides how he may. be'reduced to the ranks, for dis-
obedience of orders, neglect of duty, or unmilitary conduct ; but
it does not require a new appointment of clerk at every change
of commanding officer of the company, any more than it does a
new appointment of Adjutant or Quarter-master on the resigna-
tion of the Colonel of the regiment to which they belong.    2
*Greenl.* 431.

To prove the enrolment, the plaintiff produced the *record* of
the company roll, on which the name of the defendant was borne.
But as it did not appear, by that record, when the name was en-
tered, the Justice declined to receive it as evidence.    The form
of a *record* of a company roll, as prescribed by the Adjutant
General, does not contain a column for the time when *all* the
members of the company were enrolled, but only a column in
which is to be entered the " time of *additional* enrolments made
after the Thursday 'following the second Monday of *September.*"
If, as was alleged in the argument and not denied, *Smith's* name
was borne on the company roll of the preceding year, it would

Potter *v.* Smith.

clearly appear by record evidence that he had been so long en-rolled as to be liable to do military duty in the company in which the plaintiff is clerk, at the time when it is alleged he incurred the penalty.

It is said in *Sawtel* v. *Davis,* 5 *Greenl.* 440, that in the form furnished by the Adjutant General as the form of a *return* of an enrolment, there is a column designated as the one in which the time when any citizen shall be enrolled, shall be entered. — Whether such forms are still in use does not appear ; but if they are, the *return* was not the document offered as evidence in this case. — If there be now in use any such paper as a "return of an enrolment," nothing appears but that such return of this com-pany indicated the time when *Smith* was enrolled. No such pa-per was offered as evidence. The *record* was the proper evi-dence, and it does not appear but that contained every fact, in re-lation to *Smith,* either required by law, or indicated by the Ad-jutant General's form, to be recorded. If *Smith* was enrolled *after* the *Thursday* following the second *Monday* of *September,* then the time of his enrolment ought to have been entered in the column for noting the time of *additional* enrolments. But if he had been a member of the company and his name was on the roll of the preceding year, there was ample record proof of his seasonable enrolment ; — and, in that respect, the case did not, like *Sawtel* v. *Davis,* depend upon parol evidence.

We do not, however, give any definite opinion upon this point in the case, as we are clear that the first error is well assigned, and for that the judgment must be reversed.

*Hobbs,* for the plaintiff.